IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY GLENN RIDDLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-327 |
| ) | |
| JAMES WALLACE RIDDLE, ) | Judge Sharp |
| ) | |
| Defendant. ) | |

**ORDER**

The Court previously denied plaintiff Timothy Glenn Riddle's application to proceed *in forma pauperis*, and notified the plaintiff that he did not have standing to bring a criminal action in this Court. (ECF No. 3 (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and *Sefa v. Kentucky*, No. 12–5455, 2013 WL 69337, at *2 (6th Cir. Jan. 7, 2013)).

The plaintiff has now faxed a notice to the Court which the Court construes as a motion to reconsider. (ECF No. 6.) The plaintiff again asserts that because he is in the posture of an indictor, and he brings this suit as a private criminal prosecution, he has no obligation to pay the $350.00 civil filing fee. He insists that because he is bringing this prosecution as a public service, no filing fee should be charged.

The document, insofar as it is construed as a motion to reconsider, is **DENIED**. As the Court noted in the original order denying the plaintiff's application to proceed as a pauper, the plaintiff, as a private citizen, has no authority to institute a federal criminal prosecution. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989). *Accord Jones v. Clinton*, 206 F.3d 811, 812 (8th Cir. 2000); *Doyle v. Okla. Bar. Ass'n*, 998 F.2d 1559, 1567 (10th Cir. 1993). *See also Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 674 (D. Colo. 1991) ("[C]riminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these sanctions." (citations omitted)). The law in this area is crystal

clear: "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986) (quoting L*inda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). In short, Riddle, a private citizen, has no standing to initiate a federal criminal prosecution as a private "indictor."

Accordingly, Riddle has not provided a legitimate basis for reconsideration of the order denying his application to proceed *in forma pauperis*. The motion to reconsider is therefore **DENIED**.

It is so **ORDERED**.

_____
Kevin H. Sharp
United States District Judge